CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 06 2019

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT MITCHELL OUELLETTE, ET AL., <br> Plaintiffs, <br><br> v. <br><br> MISTY LANE, ET AL., <br> Defendants. | Civil Action No. 7:19CV00342 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Scott Mitchell Ouellette ("Scott"), a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on behalf of himself and four non-incarcerated family members: Cynthia Lee, Cheyanne, Derrick W., and Halie Ouellette. Cynthia, Derrick, and Halie reside in Michigan, and Cheyanne resides in Alabama. The complaint alleges that for months in 2018 and 2019, when these family members mailed letters and/or photographs to Scott at the Southwestern Virginia Regional Jail ("SWVRJ") in Duffield, Virginia, a mailroom official there has returned the mailings to the senders without sufficient explanation or notice to Scott. After review of the submissions, I conclude that because Scott cannot prosecute the case for anyone but himself, his family members' claims must be summarily dismissed without prejudice.

First, the complaint does not provide all required information to allow Scott's family members to proceed as joint plaintiffs with him. "Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, "[t]he paper must state the signer's address, e-mail address, and telephone number." Id. While each of the plaintiffs purportedly signed the

complaint in this case,[1] Scott's family members did not provide all of the other required information.

Second, Scott is not a licensed attorney. Accordingly, he is not permitted to represent any person in federal court other than himself. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Myers v. Loudon Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right for him to litigate on behalf of others). Thus, if Scott's family members wish to be parties to this lawsuit, they must plead and conduct their own personal claims on the mail interference issue.

Third, Scott has applied to proceed with his claims in this lawsuit without prepayment of the $350 filing fee, pursuant to 28 U.S.C. § 1915(b), which allows an inmate plaintiff to pay that fee through installments withheld from his inmate trust account. Because the family members are not inmates, they may not proceed under § 1915(b) and may not pay the filing costs in installments.

The record currently before me indicates that pro se inmate Scott, unlicensed as an attorney, is impermissibly litigating on behalf of himself and his co-plaintiff family members. Accordingly, I conclude that the family members' claims in the case must be summarily dismissed without prejudice. Scott may proceed with his personal claims in this case, however.

If one or more of the family members wish to pursue a § 1983 claim in this case as Scott's co-plaintiff, within 30 days from the date of the entry of this order, each such plaintiff must submit

---

[1] All five plaintiffs' names appear at the end of the complaint under the word "signature." (Am. Compl. 5 [ECF No. 5].) However, all the names appear to be in Scott's handwriting, and he mailed the complaint from the jail.

a motion to join the case.[2] The motion to join must be signed under penalty of perjury and provide an account of that plaintiff's personal involvement in the mailing problems, including what letters he or she mailed to Scott, when each was mailed, and what response he or she received from jail officials. If a motion to join is granted, each joined plaintiff will represent himself or herself. To do so, each plaintiff must sign each subsequent pleading or motion submitted to the court as an indication that the factual and legal representations about each party's claim(s) are true and accurate. Each plaintiff must also provide the contact information required under § 1654. Finally, if any one or more of the family members move to join this lawsuit, the co-plaintiff(s) must pay the full filing cost, which is $400 (the $350 filing fee and a $50 administrative fee not applicable to prisoner plaintiffs proceeding under § 1915(b)). In the alternative, a non-incarcerated co-plaintiff may demonstrate that he or she is unable to pay the filing fee by submitting an application to proceed without prepaying fees or costs, pursuant to 28 U.S.C. § 1915(a).[3] See Attached Form. An appropriate order will issue herewith.

---

[2] The family members also have the option to file a separate lawsuit or lawsuits, so long as each one represents himself or herself. Scott cannot litigate on anyone's behalf but his own.

[3] Section 1915(a) provides:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a).

The Clerk is directed to send a copy of this memorandum opinion and accompanying Order to the plaintiffs.

**ENTERED** this 6th day of June, 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
for the

_____  )
        *Plaintiff/Petitioner*            )
                v.                       )    Civil Action No.
_____  )
      *Defendant/Respondent*      )

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:



My gross pay or wages are:  $ _____ , and my take-home pay or wages are:  $ _____ per

*(specify pay period)* _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ❏ Yes | ❏ No |
| (b) Rent payments, interest, or dividends | ❏ Yes | ❏ No |
| (c) Pension, annuity, or life insurance payments | ❏ Yes | ❏ No |
| (d) Disability, or worker's compensation payments | ❏ Yes | ❏ No |
| (e) Gifts, or inheritances | ❏ Yes | ❏ No |
| (f) Any other sources | ❏ Yes | ❏ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____

_____
*Applicant's signature*

_____
*Printed name*